UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KEITH VIGLIONE,                )
        Plaintiff           )
                               )
v.                             )
                               )
BORN INTO IT, INC., d/b/a      )
CHOWDAHEADZ,                   )
                               )
        Defendant           )

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff Keith Viglione ("Viglione" or "Plaintiff") is an individual residing in Newburyport, Massachusetts.

2. Born Into It, Inc., d/b/a Chowdaheadz ("Chowdaheadz" or "Defendant"), is a corporation incorporated under the laws of the Commonwealth of Massachusetts with a principal place of business in Woburn, MA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 and 1338 because this case arises under the Federal Copyright Act, 17 U.S.C. §101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Viglione's cause of action arose, and Viglione has been injured in this judicial district.

5. This court has personal jurisdiction over the defendant because the defendant is incorporated and regularly conducts business in Massachusetts. The defendant also used the plaintiff's copyrighted work online without authorization to solicit Massachusetts customers.

FACTS

A. <u>The Plaintiff, His Photography Business and Copyright Registrations.</u>

6. Since at least as early as 2014, Viglione has been a professional photographer. While Viglione has photographed thousands of subjects; his particular focus is on photographing iconic Massachusetts images. These iconic images include, without limitation, an image of the Boston Skyline at the Charles River ("Boston Skyline Charles River at Dusk").

7. Although Viglione publicly displays his works on his website, social media platforms, and elsewhere, Viglione takes significant steps to protect his rights in his original works. Viglione has registered or applied to register copyrights for virtually all of his photographs with the United States Copyright Office. Viglione timely registered his "Boston Skyline Charles River at Dusk" Work with the United States Copyright Office. Therefore "Boston Skyline Charles River at Dusk" is an original work of authorship protected by US copyright law. Registration was granted by the United States Copyright Office for "Boston Skyline Charles River at Dusk" in group registration VA0002245518, attached hereto as Exhibit A. Registration of the work occurred on January 17, 2020, years before the current infringement occurred.

8. Additionally, Viglione vigorously protects his intellectual property rights by entering into voluntary licensing agreements with those seeking to use his copyrighted works, and by pursuing infringements of his works.

9. In short, Viglione has developed significant goodwill and value in his works, which are well-known and sought after throughout the region.

B. <u>Chowdaheadz's Prior Use of A Viglione Work</u>

10. In 2019, the parties had a dispute concerning Viglione's copyrighted work entitled

"2019 Boston Prudential Tower lit GO PATS," U.S. Copyright Registration No. VA 2-154-160. The parties were able to resolve that issue amicably. Viglione contends that the prior dispute informed the defendant of Viglione's copyright ownership, licensing, and enforcement practices.

C. <u>The Defendant's Recent Infringing Activities and Refusal to Pay a Licensing Fee</u>.

11. In August of 2024, Viglione learned that the Defendant reproduced and publicly displayed without authorization Viglione's "Boston Skyline Charles River at Dusk" Work on its business social media pages such as Instagram, X, and Facebook.. Screenshots showing the infringing reproductions of the Viglione Work are attached hereto as Exhibit B.

12. The images used by the defendant referenced in Exhibit B are substantially similar to the Plaintiff's copyrighted photograph, with additional graphic elements and text overlay, and therefore constitutes unauthorized derivative and composite uses of the copyrighted Work.

13. Viglione contacted Defendant in March of 2025 through his attorney to report the infringement.

14. Upon information and belief, Defendant accessed Viglione's Work from the internet in order to post the images to its social media pages.

15. Upon information and belief, and as shown by the fact that Defendant uploaded the images to its business social media pages, Defendant used the infringing works for its own commercial purposes.

16. Defendant was never authorized to use Viglione's copyrighted works.

COUNT I
COPYRIGHT INFRINGEMENT
<u>17 U.S.C. § 501</u>

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of the complaint.

18. Viglione is the owner of the exclusive copyright in his Work identified in paragraph 6 above.

19. Viglione's "Boston Skyline Charles River at Dusk" Work was timely registered with the United States Copyright Office on January 17, 2020, before Defendant's infringing acts commenced.

20. Viglione's "Boston Skyline Charles River at Dusk" Work is an original work of authorship protected by US copyright law.

21. Pursuant to 17 U.S.C. § 106, including §§ 106(1), 106(2), and 106(5), Plaintiff holds the exclusive rights to reproduce, prepare derivative works from, and publicly display the Work.

22. Defendant reproduced and publicly displayed a substantial amount of Viglione's copyrighted Work without authorization.

23. Defendant displayed the infringing works for its own commercial purpose.

24. Defendant's infringement of Viglione's Work caused harm to Viglione.

25. The parties' prior resolution of a dispute concerning another of Viglione's works evidences that the Defendant is informed of Viglione's copyright ownership, licensing, and enforcement practices, illustrating that infringement in this case was willful.

WHEREFORE, Plaintiff Keith Viglione prays that this Court:

1. Enter judgment in favor of Plaintiff on Count I of the complaint;
2. Order the destruction of all infringing copies of Viglione's Work pursuant to 17 U.S.C. § 503;
3. Award Plaintiff actual damages pursuant to 17 U.S.C. § 504 in an amount to be determined at trial;
4. Award Plaintiff statutory damages pursuant to 17 U.S.C. § 504, including

enhanced damages due to Defendant's willful infringement;

5. Award Plaintiff attorneys fees and costs pursuant to 17 U.S.C. § 505;

6. Award Plaintiff pre-judgment and post-judgment interest as provided for by law; and

7. Award such further relief as the Court deems just and appropriate.

<u>Jury Demand</u>

The Plaintiff demands a trial by jury on all issues so triable.

          KEITH VIGLIONE,
By his attorney,

*/s/ Thomas E. Kenney*
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com

Dated: February 19, 2026